JEFFREY MARGULIES (BAR NO. 126002)
EVA YANG (BAR NO. 306215)
**NORTON ROSE FULBRIGHT US LLP**
555 S. Flower Street, Forty-First Floor
Los Angeles, Ca 90071
Telephone:  (213) 892-9200
jeff.margulies@nortonrosefulbright.com
eva.yang@nortonrosefulbright.com

KATHERINE CONNOLLY (BAR NO. 313640)
**NORTON ROSE FULBRIGHT US LLP**
1 Embarcadero Center, Suite 1050
San Francisco, California  94111-3698
Telephone:  (628) 231-6800
katie.connolly@nortonrosefulbright.com

*Attorneys for Defendant*
BESTWAY USA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA HILL and LISA WEEKS, on behalf of themselves and those similarly situated,<br><br>          *Plaintiffs*,<br><br>     v.<br><br>BESTWAY (USA) INC.,<br><br>          *Defendants*. | Case No. 1:25−cv−08928−NW<br><br>**STIPULATED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) AND THE "FIRST-TO-FILE" RULE** |

Pursuant to Local Rules 3-13 and 7-12, plaintiffs Katrina Hill and Lisa Weeks ("plaintiffs") and defendant Bestway USA Inc. ("Bestway USA") have met and conferred to resolve a venue dispute in this matter, and have agreed that the present matter should be transferred to the United States District Court for the Northern District of Illinois, pursuant to the "first-to-file" rule and 28 U.S.C. § 1404(a). Accordingly, the parties hereby stipulate as follows:

WHEREAS, plaintiffs initiated the present putative national class action on October 17, 2025, alleging that the Bestway USA made false claims related to the safety of certain above-ground pools, including the Coleman Power Steel Above Ground Pool and the Steel Pro Above Ground Pool (the "Products");

WHEREAS, undersigned counsel has accepted service of process on behalf of Bestway USA;

WHEREAS, the same allegations regarding the Products have been brought against Bestway USA in two earlier-filed putative class actions on behalf of overlapping national classes that are currently pending in the United States District Court for the Northern District of Illinois: *Castro v. Bestway (USA) Inc.*, No. 1:25-cv-09570 (N.D. Ill. Aug. 12, 2025) (the "*Castro* Action"), attached as **Exhibit A**, and *Piceno et al. v. Bestway (USA) Inc. et al.*, No. 1:25-cv-12315 (N.D. Ill. Aug. 21, 2025) (the "*Piceno* Action"), attached as **Exhibit B**;

WHEREAS, undersigned counsel has accepted service of process in the *Castro* and *Piceno* Actions on behalf of Bestway USA;

WHEREAS, the *Piceno* Action was transferred from the Central District of California to the Northern District of Illinois on stipulation of the parties pursuant to the "first-to-file" rule and 28 U.S.C. § 1404(a);

WHEREAS, the parties to the *Piceno* and *Castro* Actions have filed an Agreed Motion to Relate and Reassign the *Piceno* Action and consolidate the response deadline on November 24, 2025, which was granted on October 22, 2025, attached as **Exhibit C**;

- 2 -
STIPULATED MOTION TO TRANSFER VENUE

WHEREAS, all three complaints involve substantially similar parties, overlapping classes, and identical factual and legal issues;

WHEREAS, the first-to-file rule allows a district court to transfer, stay, or dismiss an action if a similar action with substantially similar issues and parties was previously filed in another district court;

WHEREAS, *Castro* was filed on August 12, 2025, and *Piceno* on August 21, 2025, and thus both are first-filed as compared to the above-captioned matter;

WHEREAS, all three complaints seek to certify a national class of individuals who purchased the same pools over legal claims based on breach of warranty and state consumer protection laws, over the same alleged defect;

WHEREAS, the remaining classes are substantially similar in that they are subclasses of individuals who purchased the same pools over legal claims based on breach of warranty and state consumer protection laws, over the same alleged defect;

WHEREAS, Bestway USA is named as a defendant in all three complaints, along with related entities named in the *Piceno* Action;

WHEREAS, there is similarity of the issues and "substantial overlap between the two suits" as they arise out of many of the same operative facts, i.e., that the pools are defective due to their allegation that the compression strap poses a safety risk, and that Bestway's recall and proposed repair is insufficient to remedy plaintiffs' alleged harm;

WHEREAS, the parties have conferred and agree that transfer to the Northern District of Illinois, where the first-filed actions are pending, will serve the convenience of parties and witnesses and will be in the interest of justice, consistent with 28 U.S.C. § 1404(a);

WHEREAS, transfer will serve the convenience of parties and witnesses because plaintiffs consent to litigating in the Northern District of Illinois, the parties will avoid duplicative discovery and motion practice in two different districts, and

Bestway USA will be spared the significant expense of defending overlapping class actions on opposite sides of the country;

WHEREAS, transfer will further serve the interests of justice by promoting consistent case management of overlapping issues in one district, reducing the risk of inconsistent outcomes, reducing duplicative judicial effort across two courts, and conserving resources by allowing related actions to proceed in the same forum;

WHEREAS, Bestway USA expressly reserves all rights and defenses, including under Rule 12(b) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, in consideration of the foregoing, plaintiffs and Bestway USA respectfully request that this Court grant the stipulated motion to transfer, and thereby transfer this matter to the United States District Court for the Northern District of Illinois.

THE PARTIES FURTHER STIPULATE AND AGREE that Bestway USA's deadline to move, answer, or otherwise respond to the complaint in the above-captioned action is tolled pending the Court's ruling on this Stipulation, and, should this Court grant the parties' motion to transfer venue, the parties further stipulate they will jointly request an extension of Bestway USA's deadline to respond to plaintiffs' complaint in the Northern District of Illinois and that this case be related to the *Castro* and *Piceno* Actions and assigned to Judge Lindsay C. Jenkins.

| | | |
|---|---|---|
| 1 | Dated: October 27, 2025 | **PEARSON WARSHAW, LLP** |
| 2 | | |
| 3 | | By: */s/ Rachel Soffin* |
| 4 | | RACHEL SOFFIN |
| | | MELISSA WEINER |
| 5 | | RYAN GOTT |
| 6 | | |
| 7 | | *Attorneys for Plaintiffs* |
| | | KATRINA HILL AND LISA |
| 8 | | WEEKS |
| 9 | Dated: October 27, 2025 | **NORTON ROSE FULBRIGHT US LLP** |

Dated: October 27, 2025

By: */s/ Jeffrey Margulies*
JEFFREY MARGULIES
KATHERINE CONNOLLY
EVA YANG

*Attorneys for Defendant*
BESTWAY USA INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: October 29, 2025

_____
UNITED STATES DISTRICT JUDGE
FOR THE NORTHERN DISTRICT OF
CALIFORNIA